Lisa **MIRABILE**, Appellant

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 09–1446.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 17, 2009.

Filed: Dec. 7, 2009.

Thomas H. Klein, Esq., Smith & Klein, Eatontown, NJ, for Appellant.

Eric P. Kressman, Esq., Social Security Administration, Philadelphia, PA, Vernon Norwood, Esq., Office of United States Attorney, New York, NY, for Commissioner of Social Security.

Before: RENDELL, BARRY and CHAGARES, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Lisa Mirabile appeals from the District Court's order affirming a final administrative action of the Commissioner of Social Security (the "Commissioner"). The District Court affirmed the Commissioner's decision that Mirabile was not disabled and thus not entitled to disability insurance benefits under Title II or Supplemental Security Income under Title XVI of the Social Security Act. The Commissioner's decision was based on the decision of Administrative Law Judge ("ALJ") John Farley on December 21, 2006, which found that Mirabile, but for her substance abuse disorder, retained the residual functional capacity ("RFC") to perform her past relevant work and so was not disabled. Mirabile appeals the District Court's order on the grounds that the ALJ's finding was not supported by substantial evidence.

The ALJ's finding was supported by substantial evidence, and so we will affirm.

I.

On October 27, 2004, Mirabile filed a disability benefits claim and an SSI application, in which she alleged disability due to a bipolar disorder, depression, and a social anxiety disorder, with an onset date of April 1, 2003.[1] The Commissioner denied the disability benefits claim and the SSI application initially on January 31, 2005, and upon reconsideration on April 6, 2005. Mirabile then requested a hearing before an ALJ. A hearing was held before ALJ Farley on August 2, 2006. ALJ Farley concluded that Mirabile was not disabled because he found that but for her substance abuse disorder, she retained the RFC to perform her past relevant work as a motorcycle salesperson, a job she had held from 1992 to 1999. The ALJ's decision became the Commissioner's final decision on May 5, 2007, when the Appeals Council denied Mirabile's request for review of the ALJ's decision.

II.

An individual may obtain review in federal district court of the Commissioner's final decision if the decision was made after a hearing to which the individual was a party. 42 U.S.C. § 405(g). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the ALJ's application of the law, and review the ALJ's findings of fact to determine if they are supported by "substantial evidence." *Poulos v. Comm'r of Soc. Sec.,* 474 F.3d 88, 91 (3d Cir.2007). "Substantial evidence" need not be a preponderance of the evidence, but it must be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402

---

1. The District Court opinion misstates the alleged onset date as April 1, 2004. (Dist.Ct.

Op.2.)

U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The statutory term "disability" indicates an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a person is "disabled," the Commissioner applies a five-step sequential analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920. If a finding of disability or non-disability can be made at any step of the sequential analysis, the claim will not be reviewed further. 20 C.F.R. §§ 404.1520(a) and 416.920(a). Only the first four steps are relevant here.

At step one, the Commissioner will find non-disability unless the claimant shows that she is not engaged in any "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is not engaged in substantial gainful activity, then the Commissioner will find non-disability at step two unless the claimant shows that she has a "severe" impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c) and 416.920(c). If a severe impairment or combination of impairments is present, the Commissioner will consider at step three whether the claimant has an impairment or combination of impairments which meets or medically equals any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the claimant's impairment does meet a listed impairment, then the claimant is presumptively disabled. If the claimant's impairment does not meet a Listed impairment, then the Commissioner assesses the claimant's RFC to be used in the fourth and fifth steps of the evaluation. 20 C.F.R. §§ 404.1520(a)(4),(e) and 416.920(a)(4),(e).

At step four, the Commissioner will find non-disability unless the claimant demonstrates that given her RFC she is unable to perform any of her past relevant work. 20 C.F.R. §§ 404.1520(e),(f) and 416.920(e),(f).

## III.

Here, the ALJ applied the standard five-step analysis for evaluating disability claims. With regard to step one, the ALJ found that Mirabile had not engaged in substantial activity since her alleged onset of disability date. With regard to step two, the ALJ found that Mirabile's bipolar disorder and substance abuse disorder were severe impairments. With regard to step three, the ALJ determined that her bipolar disorder and substance abuse disorder met Listings 12.04A(3)/B(1,2) (bipolar disorder resulting in marked restriction of activities of daily living and marked difficulties in maintaining social functioning) and 12.09B (substance addiction disorder leading to depressive syndrome). 20 C.F.R. Part 404, Subpart P, Appendix 1.

However, at step three, the ALJ also determined that Mirabile could *not* be considered disabled because her substance abuse was a contributing factor that was material to her having met the Listings. In cases involving drug or alcohol addiction, "[a]n individual shall not be considered to be disabled ... if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). In assessing Mirabile's RFC for purposes of step four and five, the ALJ found that if Mirabile "stopped the substance use, [she] would have the residual functional capacity to perform the basic mental demands of competitive, remunerative work on a sustained basis." (Joint App. 18.) Based on this finding, at

step four the ALJ concluded that Mirabile would be able to perform past relevant work as a bookkeeper, parts manager, and salesperson, and so found that Mirabile was not disabled.

The issue on appeal, therefore, is whether substantial evidence supports the ALJ's finding that Mirabile's substance abuse problems were a contributing factor material to the disability determination. It is clear that there is substantial evidence to support the findings both that Mirabile had a substance abuse disorder during the relevant period and that her substance abuse was a factor that was material to her impairments meeting the Listings.

The Social Security Administration advises adjudicators assessing whether an individual's substance abuse problems were a factor material to the disability determination that "[t]he most useful evidence . . . is that relating to a period when the individual was not using drugs/alcohol." Social Security Administration, Questions and Answers Concerning DAA from the 07/02/96 Teleconference, No. EM–96200 (Aug. 30, 1996). There is substantial evidence in the record that demonstrates that when Mirabile is not abusing drugs or alcohol she is capable of working. All three reports completed by doctors that are in the record support this finding, and there is no medical evidence in the record that suggests otherwise.

First, from March 2nd to March 9th, 2004, Mirabile spent a week at Riverview Medical Center, during which time she was seen by Dr. Mohammed Hyderi, a staff psychiatrist. He reported that Mirabile was "very deep into drugs . . . polysubstance dependent and every chance she gets she uses the drugs . . . the patient has had problems with substance abuse since age 13 to 18." (Joint App. 78.) He also noted, however, that after going into a rehabilitation facility at eighteen she "came out very successfully" and followed that time in the rehabilitation facility with "7 years of sobriety with financially and socially successful life." (Joint App. 78.) Dr. Hyderi's report supports the finding that Mirabile's substance abuse was a material factor to the disability determination. He even concludes his report by noting that "when she is in the good, sober periods, she is very successful and thoughtful and productive." (Joint App. 79.)

Second, on March 15, 2004, Mirabile was admitted to CPC Behavioral Health Care ("CPC") for an "intensive outpatient" treatment program for substance abuse issues. Her patient type was listed as "Alcohol/Drug Abuser." (Joint App. 133.) Her "primary" drug was listed as "Marijuana/Hashish" and the admittance report states that she uses her primary drug daily. (Joint App. 135.) Her "secondary" drug is listed as "Crack" and the report states that she uses it "[l]ess than weekly." (Joint App. 135.) The admission report also notes that Mirabile had been treated in an emergency room for alcohol or drug problems in the past 30 days. (Joint App. 136.) After this initial admission to the treatment program, she spent the next seven months in outpatient care through CPC. Mirabile was discharged from CPC in November 2004, because, according to CPC's Discharge Report, "[n]o continuing substance abuse treatment [was] needed." (Joint App. 138.) In December 2004, at the end of her period of outpatient treatment through CPC, she was examined by Dr. Hugh Moore, licensed psychologist. Dr. Moore noted that Mirabile had various "symptoms of depression and anxiety." (Joint App. 100.) But he also found that Mirabile was basically competent to "relate to and interact appropriately with others" and that her problems were not "significant enough to interfere with the claimant's ability to function on a daily basis." (Joint App. 102.) The fact that Dr. Moore

reported that Mirabile's mental health issues did not prevent her from interacting appropriately and functioning on a daily basis—after she had gone through significant drug rehabilitation—provides support for the finding that Mirabile's substance abuse was a material factor to the initial disability determination.

Finally, the Psychiatric Review Technique and Mental Residual Functional Capacity Assessment completed by Dr. Janice Drucker in January of 2005, also shortly after the seven-month stretch of drug rehabilitation, concludes in a similar fashion. Dr. Drucker concludes that Mirabile is "not significantly limited" in any of the twenty different abilities evaluated by the Assessment. (Joint App. 104–05.) Dr. Drucker's report also provides support for the finding that Mirabile's substance abuse was a material factor to the initial disability determination.

These three doctor reports are the only evidence of record regarding Mirabile's level of disability when not using drugs and/or alcohol, and all three provide substantial support for the finding that her drug abuse is material to the disability determination. No medical reports in the record suggest otherwise. These reports also support the ALJ's finding that, absent her substance abuse, Mirabile retained the RFC to perform her past relevant work. Given this, it seems clear that there was "substantial evidence" to support the ALJ's determination.

## IV.

For the reasons set forth above, we will AFFIRM the Order of the District Court.